# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jesse Washington, | No. CV 1-07-0886-CKJ |
| Plaintiff, | **ORDER** |
| vs. | |
| J. W. Andrews, et al., | |
| Defendants. | |

Plaintiff Jesse Washington, who is confined in the Kern Valley State Prison in Delano, California, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. # 1). This case was reassigned to the undersigned judge on November 24, 2008 (Doc. # 10). The Court will order Defendants Rodriguez, Castro, Hernandez, Rosenthal, Martinez, Moore, Lopez, and Andrews to answer Counts One through Seven of the Complaint.

**I.     Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

. . . .

## II. Complaint

In his Complaint, Plaintiff sues the following employees of the California State Prison-Corcoran: Correctional Officer (CO) G. Rodriguez, CO E. Castro, CO B. Hernandez, Correctional Librarian R. Rosenthal, Correctional Sergeant F. Martinez, Correctional Sergeant J. Moore, Correctional Captain C. Lopez, and Associate Warden JW Andrews.

Plaintiff presents seven claims for relief. In Count One, Plaintiff alleges that Rodriguez and Martinez destroyed his personal property on August 16, 2005, in retaliation for filing grievances. In Count Two, Plaintiff claims that Rosenthal denied Plaintiff access to the courts when he refused to photocopy Plaintiff's *in forma pauperis* application, which resulted in the denial of that application and the ultimate dismissal of his appeal of CV 02-4635 (CDC). In Count Three, Plaintiff claims that Rodriguez used a Corcoran Institutional Policy (Operational Procedure 806) to destroy Plaintiff's personal property. In Count Four, Plaintiff alleges that Moore, Andrew, Lopez, Martinez, and Rodriguez retaliated against Plaintiff in violation of his First and Fourteenth Amendment rights on October 11, 2005 "regarding an institutional policy to deprive Plaintiff of his rights to possess personal property." In Count Five, Plaintiff contends that Rosenthal generated a false disciplinary report against him in retaliation for filing grievances. In Count Six, Plaintiff claims that Hernandez confiscated his medication on June 15, 2006, in retaliation for filing grievances. Finally in Count Seven, Plaintiff claims that Hernandez was deliberately indifferent to Plaintiff's serious medical needs when he confiscated his medication on June 15, 2006.

## III. Claims for Which an Answer Will be Required

Liberally construed, Plaintiff has stated a claim in Counts One through Seven. Defendants Rodriguez, Castro, Hernandez, Rosenthal, Martinez, Moore, Lopez, and Andrews will be required to answer.

## IV. Warnings

### A. Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83-182(f) and 83-183(b) of the Local Rules of Civil Procedure. Plaintiff must not include

a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### B. Copies

Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5-133(d)(2). Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### C. Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Defendants Rodriguez, Castro, Hernandez, Rosenthal, Martinez, Moore, Lopez, and Andrews must answer Counts One through Seven.

(2) The Clerk of Court must send Plaintiff a service packet including the Complaint (Doc. # 1), this Order, a Notice of Submission of Documents form, an instruction sheet, and copies of summons and USM-285 forms for Defendants Rodriguez, Castro, Hernandez, Rosenthal, Martinez, Moore, Lopez, and Andrews.

(3) Within **30 days** of the date of filing of this Order, Plaintiff must complete and return to the Clerk of Court the Notice of Submission of Documents. Plaintiff must submit with the Notice of Submission of Documents: a copy of the Complaint for each Defendant, a copy of this Order for each Defendant, a completed summons for each Defendant, and a completed USM-285 for each Defendant.

(4) Plaintiff must not attempt service on Defendants and must not request waiver of service. Once the Clerk of Court has received the Notice of Submission of Documents and the required documents, the Court will direct the United States Marshal to seek waiver of service from each Defendant or serve each Defendant.

(5) **If Plaintiff fails to return the Notice of Submission of Documents and the required documents within 30 days of the date of filing of this Order, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action without prejudice.** See **Fed. R. Civ. P. 41(b).**

DATED this 20th day of May, 2009.

*Cindy K. Jorgenson*
Cindy K. Jorgenson
United States District Judge