IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE WASHINGTON, </br>     Plaintiff, </br> vs. </br> J. W. ANDREWS, et al. </br>     Defendants. | No. 1:07-CV-886-CKJ </br></br> **ORDER** |

On May 21, 2009, this Court ordered that Defendants were required to file an answer and set forth a procedure for service of Defendants. On June 25, 2009, the Summonses were returned unexecuted as to Defendants C. Lopez and B. Hernandez. On August 13, 2009, this Court issued an Order regarding additional service attempts on Defendants C. Lopez and B. Hernandez. Additionally, the Court stated:

> If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on a Defendant within 120 days of the filing of this Order, the action may be dismissed as to each Defendant not served. Fed.R.Civ.P. 4(m).

August 13, 2009, Order, p. 2. On December 17, 2009, this Court ordered Plaintiff to show cause why this case should not be dismissed without prejudice as to B. Hernandez.[1] Plaintiff responded to the order to show cause by referring to correspondence to the Attorney

---

[1] The Court also ordered Plaintiff to show cause why the case should not be dismissed as to C. Lopez. The Court subsequently dismissed C. Lopez.

General's Office seeking a waiver of service as to B. Hernandez. On February 9, 2010, this Court issued an Order directing the United States Marshal Service ("USMS") to file a Summons Returned Executed, a Summons Returned Unexecuted, a Waiver of Service Returned Executed, or a status report as to the service of B. Hernandez.

On February 22, 2010, the Summons for B. Hernandez was returned unexecuted. The return included a September 21, 2009, notation, "per KVSP not employed NO FWD LOCATION[,]" an October 25, 2009, notation, "FWD TO CSP CORCORAN[,]" and a February 1, 2010, notation, "waiver not ret'd, assigned personal svc, fwd fresno." The return also includes a February 9, 2010, notation, "Refused by Anthony Lane (Lit coord)[;] says person not at prison[.]"

On March 1, 2010, the Court ordered Plaintiff to show cause why this case should not be dismissed without prejudice as to B. Hernandez pursuant to Rule 4(m), Fed.R.Civ.P., by filing a writing with this Court on or before March 31, 2010. On March 24, 2010, Plaintiff filed a response in which he asserted that he and the Court are being deceived by CSP-COR officials asserting they have no forwarding address. On April 5, 2010, this Court ordered counsel for co-defendants to provide under seal the last known address of Defendant B. Hernandez if the information was known to him, in his possession, or under his control.

The Court has received and reviewed the May 5, 2010, correspondence from co-defendants' counsel. Counsel has informed the Court that he does not possess or have control over any information regarding the last known address of Defendant B. Hernandez.[2]

As the Court previously advised Plaintiff, service must be timely completed:

> If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. . . .

Fed.R.Civ.P. 4(m); *see also* December 17, 2009, Order [Doc. # 26]. "At a minimum, 'good

---

[2] Because this correspondence does not include any private information (e.g., address or employment information of B. Hernandez), the Court will direct the Clerk of the Court to file the correspondence.

1  cause' means excusable neglect." *Bourdette v. Barnette*, 923 F.2d 754, 756 (9th Cir.1991).

2  Service upon B. Hernandez has not been completed in the time set forth by the Court.
3  In this case, counsel for co-defendants has informed the Court that he does not possess or
4  control any information regarding the last known address of Defendant B. Hernandez. While
5  a pro se prisoner plaintiff is entitled to rely upon the USMS to effect proper service, *see*
6  *Pruett v. Blandford*, 912 F.2d 270, 275 (9th Cir.1990), it is a plaintiff's responsibility to
7  provide the USMS with the information necessary to identify each defendant to be served.
8  *See Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir.1994), *abrogated on other grounds,*
9  *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995).  Plaintiff has
10 failed to provide the USMS with adequate information to effect timely service of process on
11 Defendant B. Hernandez.

12 While this Court has "broad discretion" to extend the time for service under Rule
13 4(m), even absent a showing of good cause, a court may consider various factors including
14 prejudice to the defendant, actual notice, a possible limitations bar, and eventual service in
15 determining whether to extend service. *Efaw v. Williams*, 473 F.3d 1038, 1040-1041 (9th
16 Cir. 2007).  Moreover, any such dismissal should be without prejudice. *See id*. at 772.

17 Here, the record shows no basis for again extending the time for service.  Rather, the
18 record suggests that extending the time for service would be a futile act.  Service on
19 Defendant B. Hernandez cannot be effected without more specific identifying information,
20 counsel for co-defendants does not have any information to facilitate service, and Plaintiff
21 has been unable to provide such information.  Accordingly, dismissal without prejudice is
22 appropriate. *Id.; see also Walker*, 14 F.3d at 1422.  Additionally, the Court has inherent
23 power to achieve the orderly and expeditious disposition of cases by dismissing actions for
24 failure to prosecute. *See Link v. Wabash R . R.*, 370 U.S. 626, 629-30, 82 S.Ct. 1386, 8
25 L.Ed.2d 734 (1962).

26 Accordingly, IT IS ORDERED:

27 1. Defendant B. Hernandez is DISMISSED WITHOUT PREJUDICE from this
28 action pursuant to Fed.R.Civ.P. 4(m).

- 3 -

1     2.     The Clerk of the Court shall file the May 5, 2010, correspondence.

2     DATED this 11th day of May, 2010.

*/s/ Cindy K. Jorgenson*
Cindy K. Jorgenson
United States District Judge

- 4 -