1

2

3

4

5

6

7      IN THE UNITED STATES DISTRICT COURT

8      FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10

JESSE WASHINGTON,                     )
11                                      )
              Plaintiff,                )
12                                      )        No. 1:07-CV-886-CKJ
vs.                                     )
13                                      )        **ORDER**
J. W. ANDREWS, et al.                   )
14                                      )
              Defendants.               )
15   _____)

16        Pending before the Court is Plaintiff's Ex Parte Notice and Motion for Protective

17   Order (Doc. 50).  Defendants have not filed a response.

18        Plaintiff Jesse Washington ("Washington") requests this Court to order the California

19   Department of Corrections and Rehabilitation, the Kern Valley State Prison, Warden Kelly

20   Harrington and representatives to immediately transport him to an off-site medical specialist

21   to examine and resolve medical issues regarding his right hand (calcium build-up in fingers

22   and knuckles).

23        Washington is requesting injunctive relief by requesting this Court to order persons

24   to perform some act.  Injunctive relief is an equitable remedy.  "The basis for injunctive relief

25   in the federal courts has always been irreparable injury and the inadequacy of legal

26   remedies."  *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 312, 102 S.Ct. 1798, 1803, 72

27   L.Ed.2d 91 (1982).  Injunctive relief is not automatic:  "In each case, a court must balance

28   the competing claims of injury and must consider the effect on each party of the granting or

1    withholding of the requested relief.  Although particular regard should be given to the public

2    interest . . . a federal judge sitting as chancellor is not mechanically obligated to grant an

3    injunction for every violation of law." *Amoco Production Co. v. Village of Gambell, Alaska*,

4    480 U.S. 531, 542, 107 S.Ct. 1396, 1402, 94 L.Ed.2d 542 (1987).

5         However, Washington's request does not seek to accord or protect some or all of the

6    substantive relief sought by the complaint.  *Gon v. First State Ins. Co.*, 871 F.2d 863, 865

7    (9th Cir. 1989).   Indeed, Washington has not only requested relief not sought in the

8    complaint, but is requesting this relief against non-parties.  *See id.*, *citation and footnote*

9    *omitted* ("An injunction may be defined as an order that is directed to a party, enforceable

10   by contempt, and designed to accord or protect some or all of the substantive relief sought

11   by a complaint in more than temporary fashion.").   The Court finds Washington has not

12   clearly shown injunctive relief is appropriate.  *Mazurek v. Armstrong*, 520 U.S. 968, 117

13   S.Ct. 1865, 138 L.Ed.2d 162 (1997) ( Because a preliminary injunction is an extraordinary

14   remedy, the moving party must carry its burden of persuasion by a "clear showing."); *City*

15   *of Angoon v. Marsh*, 749 F.2d 1413 (9th Cir. 1984).

16        Washington has asserted that his medical condition affects his ability to adequately

17   prosecute this case.  While this does not justify the issuance of an injunction towards the

18   conduct of non-parties in this case, the Court does advise Washington that, if needed, he may

19   seek to extend any deadlines that may be impacted by the limitation.

20        Accordingly, IT IS ORDERED the Ex Parte Notice and Motion for Protective Order

21   (Doc. 50) is DENIED.

22        DATED this 11th day of August, 2010.

23

24

25   _____
                Cindy K. Jorgenson
              United States District Judge

26

27

28

- 2 -