IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE WASHINGTON, )<br>      Plaintiff, )<br>                      )<br>vs. )<br>                      )<br>J. W. ANDREWS, et al. )<br>                      )<br>      Defendants. )<br>                      ) | No. 1:07-CV-886-CKJ<br><br>**ORDER** |

       On October 26, 2010, this Court ordered the parties and counsel to file a Joint Proposed Pretrial Order on or before November 29, 2010. Alternatively, Plaintiff was ordered to show cause why this matter should not be dismissed for failure to prosecute by filing a writing with the Court on or before November 29, 2010. On November 24, 2010, Plaintiff filed a response in which he stated, *inter alia*, that although his legal documents had been confiscated as of October 31, 2010, he intended to file a Joint Proposed Pretrial Statement on or before November 29, 2010. The Court finds Plaintiff has shown cause why this matter should not be dismissed for failure to prosecute.

       On December 6, 2010, Plaintiff filed a Request for Protective Order (Doc. 58). Plaintiff requests that the Court order Kern Valley State Prison Warden M. Biter and his agents to relinquish four boxes of legal documents pertaining to this matter. As the Court stated in its October 11, 2010, Order, "[t]he basis for injunctive relief in the federal courts has always been irreparable injury and the inadequacy of legal remedies." *Weinberger v.*

1  *Romero-Barcelo*, 456 U.S. 305, 312, 102 S.Ct. 1798, 1803, 72 L.Ed.2d 91 (1982). Injunctive
2  relief is not automatic: "In each case, a court must balance the competing claims of injury
3  and must consider the effect on each party of the granting or withholding of the requested
4  relief. Although particular regard should be given to the public interest . . . a federal judge
5  sitting as chancellor is not mechanically obligated to grant an injunction for every violation
6  of law." *Amoco Production Co. v. Village of Gambell, Alaska*, 480 U.S. 531, 542, 107 S.Ct.
7  1396, 1402, 94 L.Ed.2d 542 (1987).

8      Plaintiff's request does not seek to accord or protect some or all of the substantive
9  relief sought by the complaint. *Gon v. First State Ins. Co.*, 871 F.2d 863, 865 (9th Cir. 1989).
10 Moreover, Plaintiff's request does not seek injunctive relief against the parties in this case.
11 *See id.*, *citation and footnote omitted* ("An injunction may be defined as an order that is
12 directed to a party, enforceable by contempt, and designed to accord or protect some or all
13 of the substantive relief sought by a complaint in more than temporary fashion."). The Court
14 finds it is not appropriate to grant the request. *Mazurek v. Armstrong*, 520 U.S. 968, 117
15 S.Ct. 1865, 138 L.Ed.2d 162 (1997) (Because a preliminary injunction is an extraordinary
16 remedy, the moving party must carry its burden of persuasion by a "clear showing."); *City*
17 *of Angoon v. Marsh*, 749 F.2d 1413 (9th Cir. 1984).

18     However, in light of Plaintiff's lack of access to his legal records, the Court finds it
19 appropriate to extend the deadline for the filing of the Joint Proposed Pretrial Statement.
20 Further, the Court finds it appropriate to request counsel for Defendants to take any actions
21 possible to facilitate the return of Plaintiff's legal documents (e.g., contacting Litigation
22 Coordinator).

23     Accordingly, IT IS ORDERED:

24     1.    The Request for Protective Order (Doc. 58) is DENIED.

25     2.    The deadline for the filing of a Joint Proposed Pretrial Statement is extended
26         to January 31, 2011. Alternatively, Plaintiff shall file a Status Report with the
27         Court on or before January 31, 2011.

28     3.    Counsel for Defendants is requested to take any actions possible to facilitate

1  the return of Plaintiff's legal documents.

2  DATED this 14th day of December, 2010.

_____
Cindy K. Jorgenson
United States District Judge