**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JESSE WASHINGTON,

    Plaintiff,

vs.

J. W. ANDREWS, et al.

    Defendants.

No. 1:07-CV-886-CKJ

**ORDER**

Pending before the Court is Defendants' Motion to Declare Plaintiff a Vexatious Litigant and Requiring Security (Doc. 61). An opposition, a declaration in support of opposition, and a reply have been filed.

*Motion for Judicial Notice*

Defendants have attached a Motion for Judicial Notice (Doc. 61-3) to their Motion to Declare Plaintiff a Vexatious Litigant and Requiring Security. Defendants request the Court to take judicial notice of the litigation history of Plaintiff Jesse Washington ("Washington"). The relevant rule states:

> A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.

Fed.R.Evid. 201(b). Defendants have provided documents from Washington's prior federal

court lawsuits. These documents are also available on the Public Access to Court Electronic Records ("PACER") system.

These documents are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed.R.Evid. 201(b). The Court finds it appropriate to take judicial notice of Washington's prior federal court lawsuits and, specifically, the documents presented by Defendants. *See e.g. Holder v. Holder*, 305 F.3d 854, 866 (9th Cir. 2002) (judicial notice of state court opinion and briefs); *Peviani v. Hosstess Brands, Inc.* 750 F.Supp.2d 1111, 1116 (C.D.Cal. 2010) (court records available through the PACER system may be judicially noticed).

*Washington's Federal Litigation History*

In *Washington v. Holder*, 2:2002-CV-4635-CAS (RNB) (C.D. Cal.), Washington alleged that, while incarcerated at the California State Prison – Los Angeles County, the defendants "violated his civil rights by failing to implement in a timely manner physicians' medical orders[.]"[1] Report and Recommendation, Doc. 144, p. 3. The Report and Recommendation recommended defendants' motion for summary judgment be granted. On July 8, 2005, District Court Judge Christina A. Snyder adopted the Report and Recommendation and ordered that judgment be entered dismissing the action with prejudice.[2] On appeal in No. 05-56153, the Ninth Circuit Court of Appeals construed a response to an order to show cause as a motion for voluntary dismissal; the matter was dismissed.

In *Washington v. Fannon*, 2:2004-CV-1317-MCE (GGH) (E.D. Cal), claims that "1) on June 30, 2003, defendant Kissinger used excessive force; 2) on January 20, 2004,

---

[1] Washington claims included alleged violations of the Eighth Amendment for deliberate indifference to a serious medical need, the Equal Protection Clause of the Fourteenth Amendment for intentional discrimination because of Washington's race, the First Amendment for retaliation, and a 42 U.S.C. § 1985(3) conspiracy claim.

[2] As of the filing date of the Motion to Declare Plaintiff a Vexatious Litigant and for Posting Security, this proceeding was resolved adversely to Washington within the past seven years.

- 2 -

defendants Epperson and Ratliff refused to retrieve plaintiff's ibuprofen and cotton blanket; 3) on August 25, 2003, defendants Kissinger, Hibbits and Jackson used excessive force[,]" Findings and Recommendations, Doc. 105, pp. 19-20, proceeded to trial.[3] A jury returned a verdict in favor of defendants on September 30, 2009. The Ninth Circuit Court of Appeals in No. 09-17530 affirmed the matter.

In *Washington v. Alexander*, 2:05-CV-525 LKK (E.D. Cal.) all claims except the claim that Washington was denied access to the court by a specified defendant were dismissed for failure to exhaust administrative remedies and/or failure to state a claim. *See* Docs. 45 and 50. Additionally, the December 2, 2008, Findings and Recommendations determined that, "[b]ecause the Supreme Court has indicated that plaintiff does not have a constitutional right to access the small claims court to pursue a negligence claim, defendant Hubbard should be granted summary judgment as to plaintiff's only claim remaining in this action." Findings and Recommendation, Doc. 76, p. 4. Senior District Court Judge Lawrence K. Karlton adopted the findings and recommendations and granted summary judgment in favor of the remaining defendant.

In *Washington v. Runnels*, 2:02-CV-1690 LKK (GGH) (E.D. Cal.), the Findings and Recommendations recommended the First Amended Complaint be dismissed for violation of Fed.R.Civ.P. 8(a)(2) and Fed.R.Civ.P. 11(c)(1)(B) and (b)(1). The matter was dismissed. On May 7, 2004, Magistrate Judge Gregory G. Hollows issued an order that the appeal had not been taken in good faith. The Ninth Circuit Court of Appeals in No. 04-15752 dismissed the appeal for failure to prosecute.

---

[3]Other claims alleged by Washington were dismissed for failure to exhaust administrative remedies, failure to allege a physical injury, and/or failure to state a claim. *See* Docs. 24 and 32. Additionally, summary judgment on claims that "1) on July 1, 2003, defendant DeForest confiscated plaintiff's orthotic inserts and shoes; defendant Lynn refused to help in retrieving these items; 2) defendant DeForest denied plaintiff's request for accommodations so that he could participate in Ramadan; 3) on January 20, 2004, defendants Epperson and Ratliff refused to retrieve plaintiff's orthotic inserts and shoes[,]" Doc. 105, p. 20, was granted in favor of defendants. *See* Docs. 105 and 106.

- 3 -

Washington filed the instant action on June 21, 2007. In its screening order, the Court summarized Washington's claims as follows:

> In Count One, Plaintiff alleges that Rodriguez and Martinez destroyed his personal property on August 16, 2005, in retaliation for filing grievances. In Count Two, Plaintiff claims that Rosenthal denied Plaintiff access to the courts when he refused to photocopy Plaintiff's in forma pauperis application, which resulted in the denial of that application and the ultimate dismissal of his appeal of CV 02-4635 (CDC). In Count Three, Plaintiff claims that Rodriguez used a Corcoran Institutional Policy (Operational Procedure 806) to destroy Plaintiff's personal property. In Count Four, Plaintiff alleges that Moore, Andrew, Lopez, Martinez, and Rodriguez retaliated against Plaintiff in violation of his First and Fourteenth Amendment rights on October 11, 2005 "regarding an institutional policy to deprive Plaintiff of his rights to possess personal property." In Count Five, Plaintiff contends that Rosenthal generated a false disciplinary report against him in retaliation for filing grievances. In Count Six, Plaintiff claims that Hernandez confiscated his medication on June 15, 2006, in retaliation for filing grievances. Finally in Count Seven, Plaintiff claims that Hernandez was deliberately indifferent to Plaintiff's serious medical needs when he confiscated his medication on June 15, 2006.

Doc. 12, p. 2. Defendants C. Lopez and B. Hernandez were subsequently dismissed from the action for failure to serve. Further, the parties stipulated to the dismissal of Eloy Castro and a substitution of Efren Castro as a defendant in this case.

On February 2, 2011, Defendants filed a Motion to Declare Plaintiff a Vexatious Litigant and Requiring Security. Washington has filed an Opposition and a Declaration in support of the opposition. Defendants have filed a reply.

*Authority of the Court*

Federal courts are vested with the discretion to enjoin certain litigants from engaging in frivolous litigation. 28 U.S.C. § 1651; *Clinton v. United States*, 297 F.2d 899 (9th Cir. 1961). As stated by the Ninth Circuit, "[f]lagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *De Long v. Hennessey*, 912 F.2d 1144, 48 (9th Cir.1990); *see also O'Loughlin v. Doe*, 920 F.2d 614, 618 (9th Cir.1990). Indeed, a court may restrict litigants with abusive and lengthy histories from submitting future filing of actions or papers provided that it: (1) gives the litigant an opportunity to oppose the order before it is entered, i.e., notice; (2) creates an adequate record for review;

1  (3) makes substantive findings as to the frivolous or harassing nature of the litigant's actions;
2  and (4) drafts a sufficiently detailed order. *De Long*, 912 F.2d at 1145-48; *see also Molski*
3  *v. Evergreen Dynasty Corp.*, 500 F.3d 1047 (9th Cir. 2007).[4]

4  The inherent authority of the Court includes the authority to require the posting of a
5  bond before allow a plaintiff to proceed further. *See e.g., Simunet East Associates v.*
6  *Ramada Hotel Operating Co.*, 812 F.3d 1116, 1121 (9th Cir. 1987); *In re Merrill Lynch*
7  *Relocation Management, Inc.*, 812 F.2d 1116, 1121 (9th Cir.1987). This authority allows a
8  court to have some control over the administration of a lawsuit. *See Ilro Productions, Ltd.*
9  *v. Music Fair Enterprises*, 94 F.R.D. 76, 78 (S.D.N.Y.1982), *citing Leighton v. Paramount*
10  *Pictures Corp.*, 340 F.2d 859, 861 (2d Cir.1965). Indeed, the applicable local rule states:

> (a) Scope of Rule. Whenever a security, bond, or undertaking is required by federal statute, the Federal Rules of Civil, Criminal or Appellate Procedure, or **by order of the Court**, and the form or amount thereof is not otherwise specified by statute, rule, or order, the amount and form shall be as provided by this Rule. See 18 U.S.C. § 3141 et seq., 31 U.S.C. § 9301 et seq.; Fed. R. App. P. 7, 8; Fed. R. Civ. P. 65, 65.1; Fed. R. Crim. P. 46.
>
> (b) Security for Costs. **On its own motion or on motion of a party, the Court may at any time order a party to give a security, bond, or undertaking in such amount as the Court may determine to be appropriate.** The provisions of Title 3A, part 2, of the California Code of Civil Procedure, relating to vexatious litigants, are hereby adopted as a procedural Rule of this Court on the basis of which the Court may order the giving of a security, bond, or undertaking, although the power of the Court shall not be limited thereby.
>
> * * * * *

L.R. 151, *emphasis added*.

The applicable California code provisions state:

> 391. As used in this title, the following terms have the following meanings:
>
> * * * * *
>
> (b) "Vexatious litigant" means a person who does any of the following:

---

[4]In *DeLong*, the Ninth Circuit also recognized the inherent authority of a court to issue pre-filing orders against abusive and vexatious litigants. 912 F.2d at 1147; *see also O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990) (pro se prisoner required to show good cause before being permitted to file future actions); *Moy v. United States*, 906 F.2d 467, 469 (9th Cir. 1990) (prohibiting future filings without leave of court).

- 5 -

> (1) In the immediately preceding seven-year period has commenced, prosecuted, or maintained in propria persona at least five litigations other than in a small claims court that have been (i) finally determined adversely to the person or (ii) unjustifiably permitted to remain pending at least two years without having been brought to trial or hearing.
>
> (2) After a litigation has been finally determined against the person, repeatedly relitigates or attempts to relitigate, in propria persona, either (i) the validity of the determination against the same defendant or defendants as to whom the litigation was finally determined or (ii) the cause of action, claim, controversy, or any of the issues of fact or law, determined or concluded by the final determination against the same defendant or defendants as to whom the litigation was finally determined.
>
> * * * * *
>
> * * * * *
>
> 391.1. In any litigation pending in any court of this state, at any time until final judgment is entered, a defendant may move the court, upon notice and hearing, for an order requiring the plaintiff to furnish security. The motion must be based upon the ground, and supported by a showing, that the plaintiff is a vexatious litigant and that there is not a reasonable probability that he will prevail in the litigation against the moving defendant.

Cal. Code Civ. Proc. §§ 391-391.1.

As pointed out by Defendants, the issue is not the exact number of dispositions a plaintiff has initiated or maintained, but that the litigant has not won the actions he began in the courts. *In re Whitaker*, 6 Cal. App.4th 54, 56 (1992) (citing examples such as stricken complaints, failure to serve, and failure to furnish security); *Tokerud v. Capitolbank Sacramento*, 38 Cal.App.4th 775, 780-81 (1995) (actions that are "finally adversely determined" include cases either voluntarily or involuntarily dismissed without prejudice). Defendants also point to a number of district court cases in which a federal plaintiff has been determined to be a vexatious litigant. *See Andrews v. Guzman*, CIV S-04-1107 JAM GGH P., 2009 WL 1705811 (E.D.Cal. 2009) (plaintiff had filed 21 actions, six which preceding seven years; none of the cases had proceeded to trial); *Spittal v. Apel*, CIVS052042FDCGGHPS, 2006 WL 769031 *6 (E.D.Cal. 2006) ("Clearly, plaintiff qualifies as a vexatious litigant under several of the alternative grounds for finding vexatiousness. Plaintiff has brought and has had five or more cases adversely decided in the past seven years; he repeatedly attempts to re-litigate the validity of past decisions and/or repeatedly

- 6 -

1  litigates the same claims against the same or related defendants; he has filed a plethora of
2  frivolous motions, especially motions for contempt and reconsiderations in past litigations.
3  Judging from the instant motions to dismiss, defendants are very likely to obtain the same
4  adverse-to-plaintiff results which they and others have obtained in the previous litigations.");
5  *Espinosa v. Marshall*, CIV S-06-1192 MCE GGH PS, 2007 WL 214439 (E.D. Cal. 2007)
6  (bond required where previous order declaring plaintiff to be a vexatious litigant had not
7  been withdrawn and where plaintiff sought to relitigate issues previously decided adversely
8  to plaintiff); *Clark v. Nevans*, CIV S-07-1086 FCD KJM PS, 2007 WL 3034807 *1 (E.D.Cal.
9  2007) (plaintiff declared a vexatious litigant where she repeatedly made claims "related to,
10 or involve parties involved in, plaintiff's workers' compensation proceeding").

11         The Ninth Circuit has explained that "orders restricting a persons's access to the courts
12 must be based on adequate justification supported in the record and narrowly tailored to
13 address the abuse perceived." *DeLong*, 912 F.2d at 1149.  (9th Cir.1990). Strictly speaking,
14 when the related appellate matters are counted separately, Washington has brought more than
15 five unsuccessful lawsuits in the past seven years.  However, based on Defendants' motion,
16 the Court cannot say that Washington's filings have been so "numerous or abusive" or
17 "inordinate" to warrant a vexatious litigant order, *Id*. at 1147-48 (examples of "numerous or
18 abusive" filings include plaintiffs who have filed 35 related complaints, more than 50
19 frivolous cases, or more than 600 complaints), or that Washington's claims or filing indicate
20 a "pattern of harassment," *id.* at 1140.  Indeed, a review of Washington's litigation history
21 simply does not reflect an abusive and lengthy history comparable to those cases in which
22 a plaintiff has been declared a vexatious litigant.  For example, Washington has maintained
23 one case that resulted in the presentation of facts and issues to a jury. Additionally, there has
24 been no showing that Washington has sought to re-litigate past decisions or claims.

25         Although the Court agrees with Defendants' assertion that they need not show a
26 litigation history as extreme as in *O'Loughlin, De Long, or Clinton*, the Court cannot even
27 state that Washington's litigation history clearly meets the standard set forth in the California
28 statute.  The Court notes that no authority has been presented to the Court as to whether an

appeal of a district court matter should be considered a separate proceeding for these purposes. *See e.g., In re Whitaker*, 6 Cal.App.4th at 56 (discussing appellate proceedings, but not clarifying if they should be counted separately). The Court cannot say the litigations were "finally determined adversely to [Washington,]" Cal. Code Civ. Proc. §§ 391(b)(1), until timely appellate proceedings were completed. If an appellate proceeding is not considered a separate proceeding, Washington has initiated or maintained five proceedings in the past seven years. However, the instant proceeding has not been determined adversely to Washington. The Court finds that adequate justification to restrict Washington's access to the courts is not present in this case.

The Court finds it is not appropriate to declare Washington a vexatious litigant.

Accordingly, IT IS ORDERED:

1. Defendants' Motion for Judicial Notice (Doc. 61-3) is GRANTED.

2. Defendants' Motion to Declare Plaintiff a Vexatious Litigant and Requiring Security (Doc. 61) is DENIED.

DATED this 26th day of May, 2011.

Cindy K. Jorgenson
United States District Judge