# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE WASHINGTON, | CASE NO. 1:07-CV-00886-AWI-MJS PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S EX PARTE REQUEST |
| v. | (ECF No. 91) |
| J W ANDREWS, et al., | |
| Defendants. | |

## I.  PROCEDURAL HISTORY

Plaintiff Jesse Washington is a California state prisoner proceeding pro se and in forma pauperis in this civil rights action filed June 21, 2007 pursuant to 42 U.S.C. § 1983. The parties have declined Magistrate Judge jurisdiction. (ECF Nos. 86, 87, 90.)

This case is proceeding on Plaintiff's claim that Defendants destroyed his personal property, were indifferent to his medical needs, denied him access to court and retaliated against him.

The Court has filed scheduling orders under which the deadlines for amending pleadings, conducting discovery and filing dispositive motions have all passed.[1] Trial

---

[1] Pleadings to be amended by not later than January 29, 2010 (Order, ECF No. 27); Discovery to be completed by not later than September 17, 2010 (Order, ECF No. 55); Dispositive motions to be filed by not later than October 1, 2010. (Order, ECF No. 52.)

confirmation hearing is set for January 14, 2013. (ECF No. 88.) Trial is set for February 26, 2013. (Id.) This case has been selected for the Court's prisoner alternative dispute resolution program. A Settlement conference is set for April 5, 2012. (ECF No. 92.)

Before the Court is "Plaintiff's Ex Parte Request 'Addendum Evidence' and 'Amended Relief' to be Noticed and Submitted on the Records with Court". (ECF NO. 91.) Defendants' Opposition to Plaintiff's Request was filed March 19, 2012. (ECF No. 95.)

## II. ANALYSIS

Plaintiff seeks leave to "submit on the record 'Addendum Evidence' of ... continued retaliatory actions and denial of access to court ... '" noting that he "is not requesting to amend[] [his] civil Complaint." (Ex Parte Request, p. 1-2, ECF No. 91.) He also seeks to amend the "relief section" of his Complaint to add the reopening of his appeal in Washington v. Holder, et al., U.S.D.C - Central District of California Case No. 2:02-cv–4635-CAS-RNB,[2] a case in which he claims denial of access to court.

Plaintiff's requests must be denied.

Plaintiff requests to amend the Complaint well beyond the January 29, 2010 scheduling order deadline for doing so.[3]  A motion to amend must satisfy the terms of the scheduling order. NAS Electronics, Inc., v. Transtech Electronics PTE Ltd., 262 F.Supp.2d 134, 150 (S.D.N.Y. 2003). The parties were advised in the scheduling order that:

> "[M]otions for extensions of [the January 29, 2010 deadline] shall be filed prior to the expiration of the deadline ... [the schedule] may only be modified with leave of Court and upon a showing of good cause."[4]

"The good cause standard 'primarily considers the diligence of the party seeking the

---

[2] Trial court judgment granting Defendants' motion for summary judgment and dismissing action with prejudice entered July 7, 2005; Plaintiff's appeal from this judgment to the U.S.C.A. for the Ninth Circuit, Appeal No. 05-56135, voluntarily dismissed on March 16, 2006.

[3] Scheduling Order, p. 1, ECF No. 27.

[4] Scheduling Order, p. 4, ECF No. 27, citing Fed.R.Civ.P. 16(b); Johnson v. Mammoth Recreation, Inc., 975 F.2d 604, 609 (9th Cir. 1992) (requiring a showing of good cause under Rule 16 to amend complaint beyond scheduling order deadline).

amendment' ... 'carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.'" C.F. v. Capistrano Unified School Dist., 656 F.Supp.2d 1190, 1194 (C.D.Cal. 2009). "[I]n determining good cause [under Rule 16 the court] considers four factors: '(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice.'" (Id. at 1196.)

Plaintiff has provided no facts suggesting there is "good cause" for relief from the scheduling order deadline. He has not shown diligence. It does not appear that amendment could be allowed since this Court does not have the power to reopen Holder, et al.. Plaintiff suggests he does not want to amend, but just to add evidence of alleged new and additional wrongs by Defendants. That is tantamount to requesting amendment which will not be allowed at this late date. The discovery deadline has passed and settlement conference and trial dates have been set. Allowing amendment would prejudice Defendants who have justifiably proceeded in reliance on the existing pleadings.

If amendment were otherwise proper, amended pleadings must be complete within themselves without reference to another pleading. Partial amendments are not permissible. Local Rules for the U.S.D.C. Eastern District, Rule 220. The Court has broad discretion in denying supplemental pleading where, as is presently the case here, the interests of judicial economy and convenience are not furthered. Jones v. Bernanke, 685 F.Supp.2d 31, 35 (D.D.C. 2010).

Also, all pleadings must contain "a short and plain statement of the claim showing that the pleader is entitled to relief ...." Fed.R.Civ.P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). A plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. Facial plausibility demands more than the mere possibility that

a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949–50.

Plaintiff may not file evidence with the Court at this time. The Court is not a repository for evidence. The Court will instruct the parties as to trial exhibits when the Court issues its pretrial order.

### III. ORDER

Accordingly, for the foregoing reasons, it is ORDERED that Plaintiff's Ex Parte Request (ECF No. 91) is DENIED.

IT IS SO ORDERED.

Dated:   March 28, 2012                    /s/ *Michael J. Seng*
                                           UNITED STATES MAGISTRATE JUDGE