1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

10   JESSE WASHINGTON,                      CASE NO. 1:07-cv-00886-AWI-MJS PC

11                    Plaintiff,
                                           ORDER DENYING PLAINTIFF'S MOTION
12        v.                               FOR RECONSIDERATION

13                                         (ECF Nos. 91, 96)
     JW ANDREWS, et al.,
14
                     Defendants.
15   _____/

16

17   **I.      PROCEDURAL HISTORY**

18        Plaintiff Jesse Washington is a California state prisoner proceeding pro se and in

19   forma pauperis in this civil rights action filed June 21, 2007 pursuant to 42 U.S.C. §

20   1983. (Compl., ECF No. 1.) The parties have declined Magistrate Judge jurisdiction.

     (Request for Reassignment, ECF Nos. 86, 87, 90.)
21
          This case is proceeding on Plaintiff's claim that Defendants destroyed his
22
     personal property, were indifferent to his medical needs, denied him access to court
23
     and retaliated against him. (Screening Order, ECF No. 12.)
24
          The Court's Scheduling Orders have been entered.  Deadlines for amending
25
     pleadings, conducting discovery and filing dispositive motions have expired.  A trial
26
     confirmation hearing is scheduled  January 14, 2013. (Scheduling Order, ECF No. 88.)
27
     Trial is set to begin February 26, 2013. (Id.)
28

Additionally, this case has been selected for the Court's alternative dispute resolution program. A settlement conference is set for April 5, 2012. (Order re Settlement Conference, ECF No. 92.)

The Court denied Plaintiff's Ex Parte Request to amend the Complaint (Motion for Addendum, ECF No. 91) on March 28, 2012 because the Request was untimely and did not demonstrate good cause for the relief sought. (Order Denying Ex Parte Request, ECF No. 96.)

Before the Court is Plaintiff's Reply to Defendants' Opposition to the Motion for Addendum (Reply to Opposition, ECF No. 97), which the Court construes as a motion for reconsideration of its March 28th Order[1] on grounds the proposed amendment is "relevant", "inadvertently omitted" and is to be "noticed to the Court and the Defendants for trial purpose[s] only." (Reply to Opposition at 2.)

## II.   **ANALYSIS**

Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances ... " exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008). The moving party "must demonstrate both injury and circumstances beyond his control ...." Id. In seeking reconsideration of an order, Local Rule 230(j) requires a party to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the ... court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009), and "[a] party seeking reconsideration must show more than a disagreement with the

_____

[1] Plaintiff's Reply to Defendant's Opposition was due by March 26, 2012 (Local Rule 230(l)), but was not filed until March 29, 2012.

[c]ourt's decision, and recapitulation ... " of that which was already considered by the court in rendering its decision.  U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).

Again,  Plaintiff has not set forth any recognized basis for requesting reconsideration. He has not shown clear error or other meritorious grounds for relief from the March 28th Order. It remains the case that Plaintiff made his Request well beyond the deadline set by the Court. He has not shown diligence, rebutted the presumption of prejudice to Defendants,[2] or complied with the applicable pleading requirements.[3]

**III.    CONCLUSION AND ORDER**

Plaintiff has not met his burden as a party moving for reconsideration. Marlyn Nutraceuticals, Inc., 571 F.3d at 880.

Accordingly, for the foregoing reasons, it is hereby ordered that Plaintiff's Reply to Opposition (ECF No. 97) construed as a motion for reconsideration is DENIED.


IT IS SO ORDERED.

Dated:    April 3, 2012                    /s/ _Michael J. Seng_
                                           UNITED STATES MAGISTRATE JUDGE

---

[2] "The law presumes an injury from unreasonable delay. However, this presumption of prejudice is a rebuttable one ...."  Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976) (citing to States Steamship Co. v. Philippine Air Lines, 426 F.2d 803, 804 (9th Cir. 1970).

[3] Fed.R.Civ.P. 8(a)(2); Local Rule 220.