1
2
3
4
5          UNITED STATES DISTRICT COURT
6            EASTERN DISTRICT OF CALIFORNIA
7
8    JESSE WASHINGTON,                    CASE NO. 1:07-CV-00886-AWI-MJS PC
9              Plaintiff,                 ORDER DENYING PLAINTIFF'S REQUEST
                                          FOR INJUNCTIVE RELIEF
10       v.
                                          (ECF NO. 101)
11   J.W. ANDREWS, et al.,
12
13            Defendants.
     _____/
14

15       Plaintiff Jesse Washington is a California state prisoner proceeding pro se and in

16   forma pauperis in this civil rights action filed June 21, 2007 pursuant to 42 U.S.C. § 1983.

17   (Compl., ECF No. 1.)

18       This case is proceeding on Plaintiff's claim that Defendants destroyed his personal

19   property, were indifferent to his medical needs, denied him access to court and retaliated

20   against him.

21       The Court has filed scheduling orders under which the deadlines for amending

22   pleadings, conducting discovery and filing dispositive motions have all passed. (Order

23   Sched., ECF No. 27; Order Modif., ECF No. 42; Order Modif., ECF No. 55.) Trial

24   confirmation hearing is set for January 14, 2013; trial is set for February 26, 2013. (Second

25   Sched. Order, ECF No. 88.)

26       This case had been selected for the Court's prisoner alternative dispute resolution

27   program and a settlement conference set for April 5, 2012. (Order Settlement Conf., ECF

28   No. 92.) The Court subsequently vacated the April 5, 2012 settlement conference. (Minute

Order Vacating., ECF No. 99.)

Pending before the Court is Plaintiff's letter directed to the California Attorney General's Office, filed with the Court on March 30, 2012, seeking assistance gaining access to stored legal documents pertaining to his (now vacated) April 5, 2012 settlement conference. (Mot. Inj., ECF No. 101.) Plaintiff requests that the warden at Corcoran State Prison be instructed to rectify the denial of access to documents prior to the April 5th settlement conference. (Id.) The Court construes this as a motion for injunctive relief.

Pursuant to Local Rule 230, the time in which Defendants could have filed opposition papers has passed without Defendants having done so. Plaintiff's Motion is now before the Court.

Inasmuch as the previously scheduled settlement conference has been vacated and the date on which it was to occur has passed, the instant motion is moot and shall be denied on that ground.

Based on the foregoing, it is HEREBY ORDERED that:

Plaintiff's request for injunctive relief be DENIED without prejudice.

IT IS SO ORDERED.

Dated:    April 30, 2012          /s/ Michael J. Seng
                                   UNITED STATES MAGISTRATE JUDGE