1
2
3
4
5
6           IN THE UNITED STATES DISTRICT COURT FOR THE
7                   EASTERN DISTRICT OF CALIFORNIA
8
9    JESSE WASHINGTON,                    CASE No. 1:07-cv-00886-AWI-MJS (PC)

10                                        ORDER DENYING DEFENDANTS'
              Plaintiff,                  MOTION FOR MODIFICATION OF
11                                        SCHEDULING ORDER TO ALLOW
         vs.                              FILING OF MOTION FOR SUMMARY
12                                        JUDGMENT
13   J.W. ANDREWS, et al.,                (ECF No. 113)
14
              Defendants.
15
     _____/
16

17
         Plaintiff Jesse Washington is a California state prisoner proceeding pro se and
18
     in forma pauperis in this civil rights action filed June 21, 2007 pursuant to 42 U.S.C. §
19
     1983. (Compl., ECF No. 1). The parties have declined Magistrate Judge jurisdiction.
20
     (Decline Juris., ECF Nos. 86-87, 90).
21
         This case is proceeding on Plaintiff's claim that Defendants destroyed his
22
     personal property, were indifferent to his medical needs, denied him access to court
23
     and retaliated against him. The Court has filed scheduling orders under which the
24
     deadline for conducting discovery was September 17, 2010, and the deadline for
25
     dispositive motions October 1, 2010. (Orders, ECF Nos. 27, 42; 52, 55). Trial
26
     confirmation hearing is set for January 14, 2013. (Second Sch. Order, ECF No. 88).
27
28                                        -1-

1    Trial is set for February 26, 2013. (Id.).

2         On August 23, 2012, Defendants filed a motion for modification of scheduling

3    order to allow filing of a motion for summary judgment. (Mot. Modif. Sch. Order, ECF

4    No. 113). Plaintiff filed objections thereto on September 4, 2012. (Obj. to Mot., ECF

5    No. 114). This Motion is now before the Court for ruling.

6         Defendants' Motion shall be denied.

7         The parties were advised in the scheduling order that:

8         "[M]otions for extensions of [a deadline therein] shall be filed prior to the
          expiration of the deadline . . . [The schedule] may only be modified with leave
9         of Court and upon a showing of good cause."

10   Order re Scheduling, ECF No. 27 at ¶ G, citing Fed. R. Civ. P. 16(b).

11        "The good cause standard 'primarily considers the diligence of the party seeking

12   the amendment' . . . 'carelessness is not compatible with a finding of diligence and

     offers no reason for a grant of relief.'" C.F. v. Capistrano Unified School Dist., 656

13   F.Supp.2d 1190, 1194 (C.D. Cal. 2009). In determining good cause under Rule 16, a

14   court considers four factors: (1) the explanation for the failure to timely move for relief;

15   (2) the importance of the relief sought; (3) potential prejudice in allowing the relief; and

16   (4) the availability of a continuance to cure such prejudice.'" (Id. at 1196).

17        Good cause to modify a scheduling order requires that defendants demonstrate

18   that, despite diligence, the proposed relief could not have been reasonably sought in a

19   timely manner. Venetec Inter., Inc., v. Nexus Medical, LLC, 541 F.Supp.2d 612, 618

20   (D. Del. 2008).

21        "Although the existence or degree of prejudice to the party opposing the

22   modification might supply additional reasons to deny a motion, the focus of the inquiry

23   is upon the moving party's reasons for seeking modification. Johnson v. Mammoth

24   Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992), citing Gestetner Corp. v. Case

25   Equip. Co., 108 F.R.D. 138, 141 (D.Me. 1985). "If that party was not diligent, the

26   inquiry should end." Johnson, 975 F.2d at 609.

27

28                                      -2-

1    Plaintiff objects to any extension of the dispositive motion deadline. He argues

2   the request is untimely. He notes he was recently denied similar Rule 16 relief in this

3   action and asks that Defendants not be treated more favorably.[1]  He asserts that he

4   will be prejudiced in preparation for the February 26, 2013 trial if relief is granted.

5   (Objections to Motion at 1:24-2:22).

6    Here, the Court finds Defendants have not shown diligence in seeking Rule

7   16(b) relief. Their request to file a motion for summary judgment is nearly two years

8   beyond the October 1, 2010 deadline and more than 6 months after the trial date was

9   set. (Second Sch. Order, ECF No. 88). Defendants attribute delay in seeking relief

10   from the Court's May 27, 2011 denial of their vexatious litigant motion which they had

11   believed would dispose of the case. (Mot. Modif. Sch. Order at 2:20-3:8). Without

12   suggesting that optimism as to one motion might justify delay in filing another,

13   Defendants delayed in seeking the instant relief for more than a year after denial of the

14   vexatious litigant motion. They give no justification for that delay.

15    Defendants also attribute delay in seeking relief to a recent change in counsel

16   (Decl. of Douglas in Supp. at ¶ 2). However, a mere change in counsel is not a basis to

17   find good cause supporting Rule 16 relief. See Buchanan County, Virginia v.

18   Blankenship, 545 F.Supp.2d 553, 555 (W.D.Va. 2008) (Defendants' retention of new

19   counsel was not alone sufficient to show good cause to modify scheduling order to

20   permit dispositive motions more than for months after deadline designated in

21   scheduling order).

22    Nothing before the Court suggests Defendants' were unaware of arguments in

23   favor of summary judgment prior to expiration of the dispositive motion deadline.

24    The Court finds Defendants' have not been diligent in seeking the requested

25   relief. Defendants have not met the good cause standard under Rule 16. See Doe ex

26   _____

27    [1] See Order Denying Plaintiff's Ex Parte Request, ECF 96.

28                                              -3-

1   <u>rel. Doe v. State of Hawaii Dept. of Educ.</u>, 351 F.Supp.2d 998, 1007-08 (D. Hawai'i,

2   2004) (no good cause to modify dispositive motion deadline where defendants aware

3   of arguments in support of cross-motion for summary judgment yet delay over one and

4   a half years in seeking relief).

5          Plaintiff would be prejudiced if placed in the position of defending a summary

6   judgment motion while preparing for trial or if the trial date were jeopardized. Since

7   Defendants offer no information as to the basis for their proposed summary judgment

8   motion, the Court cannot gauge potential judicial economies, if any, to be gained by

9   granting the requested relief.

10         Accordingly, for the foregoing reasons, it is ORDERED that Defendants' Motion

11  for Modification of Scheduling Order (ECF No. 113) is DENIED.

12

13  IT IS SO ORDERED.

14  Dated:    November 14, 2012           /s/ *Michael J. Seng*

15                                        UNITED STATES MAGISTRATE JUDGE