IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE WASHINGTON,<br><br>    Plaintiff,<br><br>vs.<br><br>J.W. ANDREWS, et al.,<br><br>    Defendants.<br>_____/ | CASE No. 1:07-cv-00886-AWI-MJS (PC)<br><br>ORDER GRANTING CROSS-MOTIONS TO EXTEND TIME FOR PRETRIAL FILINGS AND AMENDING SECOND SCHEDULING ORDER<br><br>(ECF Nos. 88, 116, 118)<br><br><u>Telephonic Trial Confirmation Hearing:</u>   February 4, 2013<br><br><u>Jury Trial:</u>   March 26, 2013 |

I.   **PROCEDURAL HISTORY**

    Plaintiff Jesse Washington is a California state prisoner proceeding pro se and in forma pauperis in this civil rights action filed June 21, 2007 pursuant to 42 U.S.C. § 1983. (Compl., ECF No. 1.) The parties have declined Magistrate Judge jurisdiction. (Decline Juris., ECF Nos. 86-87, 90.)

    This case is proceeding on Plaintiff's claim that Defendants destroyed his personal property, were indifferent to his medical needs, denied him access to court and retaliated against him. The Court has filed scheduling orders under which

-1-

1  Plaintiff's pretrial statement and incarcerated witness motion(s) are due December 24,
2  2012; Defendants' pretrial statement and opposition to incarcerated witness motion(s)
3  are due January 7, 2013; telephonic trial confirmation hearing is set for January 14,
4  2013; and jury trial is set for February 26, 2013. (Second Sch. Order, ECF No. 88, 5:6-
5  24.)

6  On December 26, 2012, Plaintiff filed an ex parte motion to extend time to file
7  his pretrial statement and incarcerated witness motion(s) from the current December
8  24, 2012 to January 6, 2013. (Pl. Mot. Ext. Time, ECF No. 116.)

9  On January 2, 2013, Defendants filed a motion to extend time to file their
10 pretrial statement and opposition to Planitiff's incarcerated witness motion(s) from the
11 current January 7, 2013 to January 28, 2013. (Defs. Mot. Ext. Time, ECF No. 118.)
12 These motions are now before the Court.

## II. LEGAL STANDARD

A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The good cause standard 'primarily considers the diligence of the party seeking the amendment' . . . 'carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.' " C.F. v. Capistrano Unified School Dist., 656 F.Supp.2d 1190, 1194 (C.D. Cal. 2009). In determining good cause under Rule 16, a court considers four factors: (1) the explanation for the failure to timely move for relief; (2) the importance of the relief sought; (3) potential prejudice in allowing the relief; and (4) the availability of a continuance to cure such prejudice.'" (Id. at 1196.)

Good cause to modify a scheduling order requires the party demonstrate that, despite diligence, the proposed relief could not have been reasonably sought in a timely manner. Venetec Inter., Inc., v. Nexus Medical, LLC, 541 F.Supp.2d 612, 618 (D. Del. 2008).

1    "Although the existence or degree of prejudice to the party opposing the
2    modification might supply additional reasons to deny a motion, the focus of the inquiry
3    is upon the moving party's reasons for seeking modification. Johnson v. Mammoth
4    Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992), citing Gestetner Corp. v. Case
5    Equip. Co., 108 F.R.D. 138, 141 (D.Me. 1985). "If that party was not diligent, the
6    inquiry should end." Johnson, 975 F.2d at 609.

### III. ARGUMENT

#### A. Plaintiff's Argument

Plaintiff asserts that a recent transfer deprived him of his legal files and access to the law library and prevented timely preparation and filing of his pretrial statement and motion in support of four inmate material witnesses.

He seeks an extension of time for filing his pretrial statement and incarcerated witness motion(s) from the current December 24, 2012 date to January 6, 2013, on grounds of excusable neglect. (Mot. Ext. Time at 1:27-2:10.)

#### B. Defendants' Argument

Defendants assert that, if Planitiff's motion is granted, they will have insufficient time to prepare and file their pretrial statement and incarcerated witness motion opposition by the current January 7, 2013 deadline. (Def. Mot. Ext. Time at 1:22-25.)

Additionally, Defendants' counsel asserts he will be in trial and unavailable from January 14-17, 2013. (Id. at 1:26-27.)

For these reasons, Defendants request the time to file their pretrial statement and opposition to Planitiff's incarcerated witness motion(s) be extended from the current January 7, 2013 to January 28, 2013. (Id. at 2:1-3.)

### IV. ANALYSIS

The parties' cross-motions shall be granted upon the terms and conditions herein for good cause shown under the Rule 16 standard.

-3-

Plaintiff's allegations of transfer and deprivation of legal property and access to the law library demonstrate good cause for relief. The Court finds that Plaintiff has been reasonably diligent in seeking the requested relief.

Defendants likewise show good cause for consequent extension of their deadline to file pretrial statement and opposition to incarcerated witness motion(s). The Court finds any potential prejudice to be cured through the continued dates provided herein.

Such relief necessitates extension of the telephonic trial confirmation hearing and trial dates in order to accommodate the Court's case management needs and provide parties with sufficient time for pretrial motions and trial preparation.

**V.    ORDER**

Accordingly, for the foregoing reasons, it is ORDERED that Plaintiff's ex parte motion for extension of time to file his pretrial statement and incarcerated witness motion(s) (ECF No. 116), and Defendants' motion for extension of time to file their pretrial statement and opposition to incarcerated witness motion(s) are GRANTED such that the Second Scheduling Order shall be amended as follows:[1]

1. This matter is set for telephonic trial confirmation hearing before the Honorable Anthony W. Ishii on February 4, 2013, at 3:00 p.m. in Courtroom 2;
2. This matter is set for jury trial before the Honorable Anthony W. Ishii on March 26, 2013, at 8:30 a.m. in Courtroom 2;
3. Plaintiff shall serve and file a pre-trial statement as described in the Second Scheduling Order on or before January 14, 2013;
4. Defendant shall serve and file a pre-trial statement as described in the Second Scheduling Order on or before January 28, 2013;

---

[1] In all other regards the Second Scheduling Order shall remain in full force and effect.

5. If Plaintiff intends to call incarcerated witnesses at time of trial, Plaintiff shall serve and file a motion for attendance of incarcerated witnesses as described in the Second Scheduling Order on or before January 14, 2013;

6. The opposition to the motion for the attendance of incarcerated witnesses, if any, shall be filed on or before January 28, 2013; and

7. If Plaintiff wishes to obtain the attendance of unincarcerated witnesses who refuse to testify voluntarily, Plaintiff must submit the money orders, as described in subsection 4 of the Second Scheduling Order, to the Court on or before February 4, 2013.

IT IS SO ORDERED.

Dated:   January 3, 2013               /s/ *Michael J. Seng*
                                       UNITED STATES MAGISTRATE JUDGE