IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

JESSE WASHINGTON,

Plaintiff,

vs.

J.W. ANDREWS, et al.,

Defendants.

_______________________________/

CASE No. 1:07-cv-00886-AWI-MJS (PC)

ORDER DENYING PLAINTIFF'S MOTION FOR STAY AND PROTECTIVE ORDER, GRANTING EXTENSION OF TIME FOR PRETRIAL FILINGS AND AMENDING SECOND SCHEDULING ORDER (AS AMENDED)

(ECF Nos. 119, 123)

Telephonic Trial Confirmation Hearing: June 3, 2013

Jury Trial: August 6, 2013

## I. PROCEDURAL HISTORY

Plaintiff Jesse Washington is a California state prisoner proceeding pro se and in forma pauperis in this civil rights action filed June 21, 2007 pursuant to 42 U.S.C. Section 1983. (Compl., ECF No. 1.)

The parties have declined Magistrate Judge jurisdiction. (Decline Magistrate, ECF Nos. 86-87, 90.)

This case is proceeding on Plaintiff's claim that Defendants destroyed his personal property, were indifferent to his medical needs, denied him access to court

and retaliated against him. The Court has filed scheduling orders under which Plaintiff's pretrial statement and incarcerated witness motion are due January 14, 2013; Defendants' pretrial statement and opposition to incarcerated witness motion are due January 28, 2013; a telephonic trial confirmation hearing is set for February 4, 2013; and jury trial is set for March 26, 2013. (Order Grant. Mots. Ext. Time and Amend. Sch. Order, ECF No. 119, § V.)

Pending before the Court is Plaintiff's motion filed January 14, 2013 to stay proceedings for an unspecified period of time and for a protective order that the California Department of Corrections and Rehabilitation ("CDCR"), California Correctional Center ("CCC"), and Corcoran State Prison ("CSP") "rectify the constitutional violations of access to court." (Mot. for Stay, ECF No. 123.)

## II. ARGUMENT

Plaintiff argues that as a result of recent facility transfers, he has been separated from his legal property since December 10, 2012 (Mot. Stay at 2:8-3:4) and unable to access the prison law library since December 7, 2012 (id. at 2:7), preventing timely preparation and filing of his pretrial statement and motion for production of four inmate material witnesses. (Id. at 3:5-15.)

He seeks to stay proceedings for an unspecified period of time (id. at 1:22-23), and asks for a protective order against the CDCR, CCC, and CSP to rectify property and library access problems. (Id. at 3:16-19.)

## III. ANALYSIS

### A. Motion for Stay

"The district court has broad discretion to stay proceedings as an incident to its power to control its own docket." Clinton v. Jones, 520 U.S. 681, 706-07 (1997), citing Landis v. North American Co., 299 U.S. 248, 254 (1936). "The proponent of the stay bears the burden of establishing its need." Id. at 706. The Court considers the

following factors when ruling on a request to stay proceedings: (1) the possible damage which may result from the granting of a stay, (2) the hardship or inequity which a party may suffer in being required to go forward, and (3) the orderly course of justice, measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay. Filtrol Corp. v. Kelleher, 467 F.2d 242, 244 (9th Cir.1972), quoting CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th Cir. 1962).

Plaintiff fails to demonstrate need for a stay. He alludes to recent prison transfers. It is the Court's experience that prisoner transfer often results in temporary separation from property and interference with library scheduling requirements. It is reasonable to believe that this too is but a temporary separation and that Plaintiff's access problems will be resolved in a reasonable time.

In considering a stay order, the Court should "balance the length of any stay against the strength of the justification given for it." Young v. I.N.S., 208 F.3d 1116, 1119 (9th Cir. 2000). Plaintiff provides no real justification for a stay of proceedings and does not specify any length of time for the requested stay.

Staying this action would create a risk of prejudice to the Defendants. See Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976) (a presumption of injury arises from delay in resolving an action) and disrupt the Court's schedules. Other less drastic remedies, including the continuation of upcoming events and deadlines in the case, as provided below, can alleviate prejudice to Plaintiff from the lack of access.

**B. Protective Order**

Injunctive relief is an "extraordinary remedy, never awarded as of right." Winter v. Natural Res. Defense Council, 555 U.S. 7, 24 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance

of equities tips in his favor, and that an injunction is in the public interest." Id., citing Munaf v. Geren, 553 U.S. 674, 689–90 (2008).

Plaintiff's claims remain in dispute. He has not shown a probability of prevailing on the merits.

Nothing before the Court suggests Plaintiff is under any real and immediate threat of injury. Any harm he alleges is merely transitory and can be ameliorated through the scheduling changes addressed below. See City of Los Angeles v. Lyons, 461 U.S. 95, 111 (1983) (plaintiff must show real and immediate threat of injury, and past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief if unaccompanied by any continuing, present, adverse effects).

Absent a likelihood of prevailing and irreparable harm, the equities and public interest do not favor Plaintiff's request.

Additionally, in cases brought by prisoners involving conditions of confinement, the Prison Litigation Reform Act (PLRA) requires that any preliminary injunction "be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a). Plaintiff seeks injunctive relief against unnamed "PVSP officials." He may not request injunctive relief against non-parties. Fed. R. Civ. P. 8(a). Generalized injunctive relief against unidentified CDCR staff is not permissible.

The various criteria not having been met, Plaintiff is not entitled to injunctive relief.

**C. Extension of Pretrial and Trial Dates**

Nevertheless, Plaintiff's allegations of impaired access to his papers and to the law library demonstrate good cause for continuing dates currently set for the telephonic trial confirmation hearing and trial and related submittals. Such

continuances can accommodate Plaintiff's needs and the Court's case management processes and provide the parties with sufficient time for pretrial activities and trial preparation.

## IV. ORDER

Accordingly, for the foregoing reasons, it is ORDERED that Plaintiff's motion for stay and for protective order (ECF No. 123) is DENIED, but the Second Scheduling Order, as amended (ECF No. 119), shall be further amended as follows:[1]

1. This matter is set for telephonic trial confirmation hearing before the Honorable Anthony W. Ishii on June 3, 2013, at 3:00 p.m. in Courtroom 2;
2. This matter is set for jury trial before the Honorable Anthony W. Ishii on August 6, 2013, at 8:30 a.m. in Courtroom 2;
3. Plaintiff shall serve and file a pre-trial statement as described in the Second Scheduling Order on or before May 13, 2013;
4. Defendant shall serve and file a pre-trial statement as described in the Second Scheduling Order on or before May 28, 2013;
5. If Plaintiff intends to call incarcerated witnesses at time of trial, Plaintiff shall serve and file a motion for attendance of incarcerated witnesses as described in the Second Scheduling Order on or before May 13, 2013;
6. Opposition to the motion for the attendance of incarcerated witnesses, if any, shall be filed on or before May 28, 2013; and

///////
///////
///////
///////

[1] In all other regards the Second Scheduling Order shall remain in full force and effect.

7. If Plaintiff wishes to obtain the attendance of unincarcerated witnesses who refuse to testify voluntarily, Plaintiff must submit the money orders, as described in subsection 4 of the Second Scheduling Order, to the Court on or before June 3, 2013.

IT IS SO ORDERED.

Dated: January 23, 2013

/s/ Michael J. Seng
UNITED STATES MAGISTRATE JUDGE